CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 11 2005

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ABDUL-HASIB AL-MUSAWWIR, ) | |
| Plaintiff, ) | Civil Action No. 7:05-cv-00607 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| R. B. PHILLIPS, et. al., ) | By: Hon. James C. Turk |
| Defendant(s). ) | Senior United States District Judge |

Plaintiff ABDUL-HASIB AL-MUSAWWIR, #101537, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, plaintiff alleges that prison officials, a circuit court judge, and an attorney appointed to assist inmates violated his constitutional right to access the court by failing to provide adequate legal assistance and denying him access to requested legal treatises. Plaintiff complains that as a result of these alleged violations, he could not prepare a winning habeas corpus petition. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted. A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

I.

Plaintiff offers the following allegations in support of his claims. While he was incarcerated at Wallens Ridge State Prison (WRSP) from August 2000 until October 11, 2002, he struggled to prepare a state court habeas petition. The law library did not have all the materials he believed it should have. Plaintiff requested specific legal treatises. The library informed him that the library

1

did not carry, and would not order, these items. Plaintiff also requested assistance from the institutional attorney, only to discover that this individual had little knowledge of post-conviction litigation. Despite the fact that the attorney held plaintiff's habeas petition for three months, ostensibly to ensure that it was properly prepared, all of plaintiff's claims were dismissed by the state court. Some claims the court dismissed as procedurally defaulted because plaintiff should have litigated the claims at trial or on direct appeal, while others, alleging ineffective assistance by trial counsel, the court dismissed because plaintiff failed to demonstrate that the claims had merit.

II.

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Where an inmate has had access to court and to his attorney, but alleges facts showing denial of some item necessary for meaningful pursuit of his litigation, such as specific legal materials or assistance in preparing legal pleadings, the inmate must allege facts showing actual injury or specific harm to his litigation efforts resulting from denial of the item. Lewis v. Casey, 518 U.S. 343 (1996). Generally, the inmate must show that he was unable to file the initial complaint or that a complaint he filed was so technically deficient that it was dismissed without consideration of the merits. Id. at 351. There is no constitutional right to the effective assistance of an attorney in pursuing state post conviction proceedings. Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003).

III.

Under these principles, plaintiff's allegations do not give rise to any constitutionally significant concerns. Plaintiff clearly obtained access to some legal materials and some legal

assistance. He also succeeded in presenting his habeas petition to the state court in a timely fashion in a manner that allowed the court to address his individual claims. Thus, his bald assertions that the prison law library did not include sufficient materials does not meet the Casey standard. Access to additional legal materials could not have changed the fact that he had procedurally defaulted some claims by not raising them in earlier proceedings or the fact that his claims of ineffective assistance at trial were without merit. Harris simply does not allege facts indicating that with the requested legal treatises, he could have prepared a successful petition. Moreover, as he has no constitutional right to counsel in preparing habeas proceedings, the alleged inadequacies of the institutional attorney's assistance do not state any constitutional claim whatsoever. Based on the foregoing, the court finds that plaintiff's claims under § 1983 must be dismissed for failure to state a claim, pursuant to §1915A(b)(1). To the extent that plaintiff also raises claims under state law, such claims are not actionable under § 1983, and the court declines to exercise supplemental jurisdiction over them. See 28 U.S.C. § 1367( c). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 7th day of October, 2005.

/s/ James C. Turk
Senior United States District Judge

3